RICHARD L. KAUFMAN AND SHARON D. KAUFMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kaufman v. Commissioner
Docket No. 4947-92
United States Tax Court
T.C. Memo 1994-305; 1994 Tax Ct. Memo LEXIS 308; 68 T.C.M. (CCH) 4; July 5, 1994, Filed *308 Decision will be entered under Rule 155. Richard L. Kaufman, pro se. For respondent: Bruce E. Gardner. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in petitioners' Federal income tax for 1986, 1987, 1988, and 1989 in the respective amounts of $ 12,604, $ 12,938, $ 20,175, and $ 5,631. Respondent also determined the following additions to petitioners' Federal income tax for these years: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
6653(a)(1)(A) 6653(a)(1)(B) 6661
6662
1986
$ 630.20
[1]
$ 3,151.00
--  1987
646.90
[1]
3,234.00
--  1988
1,168.30
[1]
5,043.75
--  1989
--  --
--
$ 1,126.00
The issues for decision are: (1) Whether petitioner Richard L. Kaufman's (hereinafter petitioner) horse activities constituted activities not engaged in for profit under section 183(a). [1] We hold that they were not engaged in for profit. (2) Whether petitioners are liable for additions to tax for negligence, pursuant to section 6653(a)(1)(A) and (B), for taxable years 1986, 1987, and 1988. We hold that they are. (3) Whether petitioners *309 are liable for additions to tax for substantial understatement of tax, pursuant to section 6661, for taxable years 1986, 1987, and 1988. We hold that they are. (4) Whether petitioners are liable for additions to tax for filing an inaccurate return, pursuant to section 6662, for the taxable year 1989. We hold that they are. FINDINGS OF FACT The parties submitted this case partially stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition herein was filed, petitioners resided in Santa Rosa, California. Petitioners are married and filed joint Federal income tax returns for all years at issue. Petitioner worked full time in the insurance industry during the years at issue, holding titles of insurance agent, marketing director, and vice president *310 with different firms. Petitioner wife also worked full time during these years as a mortgage processor. Together, petitioners reported wage and salary income ranging from a low of $ 68,224 in 1986 to a high of $ 101,175 in 1988 during the years at issue. Petitioner was involved in the horse business in some capacity since at least 1977; his activities included buying, selling, breeding, and training cutting horses, [2] and participating in "horse cutting" events. Petitioner kept no formal books or records of his horse activities during the years at issue, and maintained a separate checking account for these activities only during 1986 and 1987. While his involvement with horses began as recreation and he termed his activities "therapeutic", petitioner stated that he entered his cutting horse activities "with the idea that * * * I could make some decent money in the promotion of cutting horses." Petitioner consulted with others more experienced with horses than he throughout his involvement, advertised occasionally, and spent a great deal of his free time attending to horse activities. *311 During the 13 years from 1977 to 1989, petitioner never realized a net profit from his horse activities. Particular horse sales and cutting events (futurities) brought in income, but the total costs of boarding and training the horses were always greater than the amounts petitioner earned through sales and competitions. To alleviate monetary shortfalls, petitioner funded his horse activities with money from other sources of income. On December 12, 1991, respondent issued two statutory notices of deficiency to petitioners; one related to tax years 1986, 1987, and 1988, the other related to tax year 1989. Prior to and during trial, the parties resolved all issues except for (1) the disallowance of deductions related to petitioner's horse activities due to lack of a profit motive by petitioner, and (2) additions determined relating to these disallowed deductions, pursuant to sections 6653(a), 6661, and 6662. OPINION Issue 1. Deduction of Expenses Related to Horse Activities.
Respondent asserts that petitioner's horse activities were not engaged in with the objective of making a profit; thus, under section 183(a), no deduction attributable to these activities is allowed, *312 except as provided in section 183(b). Petitioners argue that a profit motive existed at all times; hence, section 183 does not apply, and the deductions are allowable under section 162(a) as ordinary and necessary expenses of carrying on a trade or business. Section 183(a) provides the general rule that if an activity is not engaged in for profit, no deduction attributable to that activity is allowed, except as prescribed in section 183(b). Section 183(b) generally limits deductions in the case of an activity not engaged in for profit to those deductions allowable without regard to whether the activity is engaged in for profit. To the extent that those deductions are less than the gross income derived from the activity for the taxable year, deductions that would be allowable only if the activity were engaged in for profit are also allowed. Section 183(c) defines an activity not engaged for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." Section 183(d) creates a presumption that an activity that "consists in major part of the breeding, training, showing, *313 or racing of horses" is engaged in for profit if the gross income derived from the activity for 2 or more of the taxable years out of 7 consecutive taxable years that end with the taxable year at issue exceeds the deductions attributable to such activity. However, this presumption does not apply in the instant case, because the gross income derived from petitioner's horse activities, in 13 years, never exceeded the deductions attributable to it. The standard to determine whether a deduction is allowed under section 162 or 212(1) or (2) is whether the taxpayer engaged in the activity with an "actual and honest objective of making a profit". Ronnen v. Commissioner, 90 T.C. 74, 91 (1988); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). The taxpayer's profit objective must be bona fide, although a reasonable expectation of profit is not required. Hulter v. Commissioner, 91 T.C. 371, 393 (1988); Allen v. Commissioner, 72 T.C. 28, 33 (1979). Whether a taxpayer had an actual and *314 honest profit objective is a question of fact to be resolved from all relevant facts and circumstances. Hulter v. Commissioner, supra at 393; Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). The burden of proving this objective is on the taxpayer. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). In resolving this question, greater weight is given to objective facts than to the taxpayer's after-the-fact statements of intent. Thomas v. Commissioner, 84 T.C. 1244, 1269 (1985), affd. 792 F.2d 1256 (4th Cir. 1986); Siegel v. Commissioner, 78 T.C. 659, 699 (1982). Section 1.183-2(b), Income Tax Regs., sets forth nine specific factors to be used as guides for determining whether an activity is engaged in for profit. These factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying *315 on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profits, if any, earned; (8) the financial status of the taxpayer; and (9) the elements of personal pleasure or recreation involved in the activity. Our result is not determined by any single factor, nor by the number of factors weighing for or against the taxpayer's case; rather, all facts and circumstances are to be taken into account. Abramson v. Commissioner, 86 T.C. 360, 371 (1986); Allen v. Commissioner, supra at 34; Sec. 1.183-2(b), Income Tax Regs.
Petitioner did meet some of the criteria listed above. Petitioner enlisted the aid of trainers and breeders to help him gain knowledge and experience in the area of horse cutting, and continued to deal with such people throughout the years at issue. In addition, petitioner indicated that some of his horse-related transactions during the years at issue brought in income, and *316 at times he modified his horse-buying strategy in an attempt to make his venture profitable. Petitioner also testified to spending a minimum of 30 hours per week engaged in horse-related work, and to occasionally advertising his venture. However, there are a number of weighty factors that indicate that petitioner did not have the proper profit motive. First, petitioner did not carry on his horse activities in a businesslike manner. Although he was able to substantiate the expenses related to the horse activities, petitioner only briefly maintained a separate checking account for his venture. In addition, petitioner commingled personal funds with those connected with his horse activities. Further, petitioner did not undertake to analyze the financial risks and returns of his activities, even after sustaining early losses. Secondly, petitioners were financially secure, independent of petitioner's horse activities. Petitioners both worked full-time jobs unrelated to the horse activities, and their income, as noted above, was substantial during the years at issue. Meanwhile, petitioner's horse activities provided both recreation and beneficial tax results, in the absence of economic *317 profit. In this respect particularly, petitioner's horse activities more closely resembled an expensive hobby than a profit-motivated venture. Finally, and most importantly, petitioner's horse activities failed to earn a profit in even one of the 13 years in which they were undertaken. Losses ranged from approximately $ 3,000 to over $ 62,000, and over the 13 years the losses totaled $ 184,479. The bulk of these losses was the result neither of fortuitous circumstances, nor of high startup costs for the venture. Rather, they were continually and customarily sustained for a period far longer than should have been required to make the activity profitable. The ultimate goal of an activity engaged in for profit must be to realize a net profit so as to recoup losses previously sustained. Bessenyey v. Commissioner, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967). We are unconvinced that petitioner sought to, or reasonably could, recoup his earlier losses through his horse activities during the years at issue. In consideration of these factors within the context of the facts before us, we hold that petitioners *318 have failed to prove that they possessed the requisite profit objective in connection with petitioner's horse activities for the years at issue. Accordingly, the provisions of section 183 apply to limit the deductibility of expenses incurred by petitioner related to these activities to the amount described in section 183(b), stated supra. Issue 2. Section 6653
Respondent determined that petitioners are liable for additions under section 6653(a)(1)(A) and (B) for negligence in deducting expenses related to petitioner's horse activities for 1986, 1987, and 1988. Petitioners counter that their actions were not negligent and, therefore, they are not liable for the additions. Section 6653(a)(1)(A) provides that if any part of any understatement of tax required to be shown in a return is due to negligence or disregard of rules or regulations, an amount equal to 5 percent of the entire underpayment is to be added to the tax. Section 6653(a)(1)(B) mandates that an additional amount equal to 50 percent of the interest payable under section 6601 be added to the tax. Negligence, for the purpose of section 6653, is defined as "lack of due care or failure to do what a reasonable *319 and ordinarily prudent person would do under the circumstances." Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and revg. in part 43 T.C. 168 (1964)). The Commissioner's determination of negligence is presumed correct, and the taxpayer has the burden of proving that it is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Petitioners, in the instant case, have not met this burden. At trial, petitioner testified only that he did nothing "deceitful or premeditated", and that "none of this was done with any malice." This testimony is insufficient to show that petitioner's deductions of horse-related expenses would have been taken by an ordinarily prudent person. Moreover, while it may have been reasonable in earlier years for petitioners to deduct these expenses as if the horse activities were motivated by profit, it was unreasonable, after so many successive years of losses, to continue to do so. Hence, petitioners have not overcome respondent's determination *320 of negligence. We therefore sustain respondent's determination that petitioners are liable for additions to tax under section 6653 for the tax years 1986, 1987, and 1988. Issue 3. Section 6661
Respondent asserts that petitioners are liable for additions to tax due to a substantial understatement of their tax liability for 1986, 1987, and 1988, pursuant to section 6661(a). Section 6661(a) imposes an addition to tax equal to 25 percent of any underpayment attributable to a substantial understatement of income tax. Generally, an understatement exists when the amount of tax shown on a taxpayer's return is less than the amount required to be shown on that return. Sec. 6661(b)(2)(A). For individuals, an understatement is substantial if it exceeds the greater of $- 5,000 or 10 percent of the amount required to be shown on the taxpayer's return. Sec. 6661(b)(1)(A). The amount of the understatement is reduced by items with respect to which the taxpayer had substantial authority for his or her position or for which relevant facts affecting tax treatment were adequately disclosed. Sec. 6661(b)(2)(B). Petitioners proffered no evidence showing that they had substantial authority for *321 their position, and they did not adequately disclose their tax treatment of petitioner's horse activities. Petitioners merely listed on Schedule F the amount of horse-activity income and expenses claimed. Such information, without more, was insufficient to enable respondent to identify the potential controversy involved here, that is, whether petitioner engaged in the horse activities for profit. See Schirmer v. Commissioner, 89 T.C. 277 (1987). Accordingly, if, after the Rule 155 computation, there is a substantial understatement of petitioners' income tax within the meaning of section 6661(b)(1)(A) for 1986, 1987, or 1988, respondent's determination under section 6661(a) will be sustained for that year. Issue 4. Section 6662
Respondent determined that petitioners are liable for additions to their 1989 tax liability for filing an inaccurate return, pursuant to section 6662. Section 6662(a) mandates that an amount equal to 20 percent of any portion of an underpayment to which section 6662 applies be added to the tax. Section 6662(b)(2) states that section 6662 applies to any underpayment which is attributable, inter alia, to any substantial *322 understatement of income tax. Section 6662(d) incorporates the same standards for determining a substantial understatement as the former section 6661, stated supra. Former section 6661 was repealed in 1989, applicable for returns the due date for which is after December 31, 1989. Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7721(c)(2), 103 Stat. 2399. As discussed above, petitioners proffered no evidence showing that they had substantial authority for their position, and did not adequately disclose relevant facts affecting their tax treatment with respect to petitioner's horse activities. Thus, if, after the Rule 155 computation, there is a substantial understatement of petitioners' income tax for 1989 within the meaning of section 6662(d), respondent's determination under section 6662(a) will be sustained. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the entire deficiency.↩
1. All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. At trial petitioner described cutting horses as horses specially trained to "work cattle competitively" -- to ride into a herd of cattle for the purpose of separating one cow from the herd, and keeping that cow isolated. He described horse cutting as a sport, although it began as a technique used by cowboys to brand or inoculate cows.↩